IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02221-GPG

BOB ALLEN CUSTARD,

    Plaintiff,

v.

ARKO,
BALSICK,
BEICKER-GALLEGOS,
BRANT,
STEPHEN CEDENO,
DAVIS,
KATE ERWIN,
HESS,
BEHLE,
HILL,
BETHANY KASDON,
NATHAN KIMBLE,
KING, M.D.,
HUDDLESTON,
B. LIGHT,
MACGRATH,
MARTIN,
MCMULLEN,
MONTGOMERY,
OLGUIN,
JOHN OLIVER,
O'NEAL,
OSAGIE,
THOMAS OWENS,
M. PALIDER,
PORCO,
SANTINI,
THOMPSON,
OSLAND,
WYCHE,
ZONNO,
THE UNITED STATES OF AMERICA, and
27 UNKNOWN DEFENDANTS,

    Defendants.

ORDER DIRECTING PLAINTIFF TO PAY FILING FEE
OR TO SHOW CAUSE

Plaintiff, Bob Allen Custard, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. Mr. Custard, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages and declaratory and injunctive relief. Plaintiff has also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (ECF No. 2).

The Court must construe Mr. Custard's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will direct Mr. Custard to pay the $400.00 filing fee, or, to cure the deficiencies in his § 1915 motion and show cause why he should not be denied leave to proceed under 28 U.S.C. § 1915.

Mr. Custard's initial filing is deficient because he filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 without the supporting attachments. In the alternative, Plaintiff has not paid the $400.00 filing fee. Mr. Custard states in the Prisoner Complaint that he does not seek leave to proceed *in forma pauperis* and that he intends to pay the filing fee as soon as he receives a case number for the current action. (ECF No. 1, at 4).

Notwithstanding, Plaintiff is reminded that if he does intend to seek leave to

proceed pursuant to 28 U.S.C. § 1915, that statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Custard, on three or more prior occasions, has brought an action in this Court that was dismissed on the grounds that it was frivolous, malicious, or that it failed to state a claim. *See Custard v. Lappin, et al.*, 07-cv-00844-ZLW (D. Colo. July 26, 2007) (dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, 260 Fed. Appx. 73 (10th Cir. Jan. 3, 2008) (recognizing that Mr. Custard is subject to § 1915(g) three strike filing restriction); *Custard v. Gariety*, No. 04-cv-03078-RED-P (S.D. Mo. July 22, 2004) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2)), *aff'd*, No. 05-1067 (8th Cir. Aug. 3, 2005); *Custard v. Agtuca, et al.*, No. 00-cv-00927-JPG (S.D. Ill. Mar. 6, 2002) (dismissed for failure to exhaust counted as a strike), *appeal dismissed*, No. 02-1748 (8th Cir. July, 12, 2002).

Mr. Custard asserts five claims in this action. However, his handwriting is mostly illegible. As best the Court can decipher, Plaintiff claims that his constitutional rights were violated when: (1) he was denied medical treatment for Hepatitis C; (2) he was denied medical treatment for his circadian rhythm sleep disorder; (3) he was subjected to excessive force by two of the Defendants, which resulted in serious injuries; (4) some of the Defendants have intentionally labeled him a "snitch" to other inmates, thereby exposing Plaintiff to a substantial risk of harm; and, (5) Defendants placed him in an

unsafe cell in the SHU.   Mr. Custard's allegations are for the most part conclusory.

Mr. Custard is required to provide "specific fact allegations of **ongoing** serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).   Vague or conclusory allegations of harm are insufficient.   *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

The Court finds that Mr. Custard has initiated three or more actions that count as strikes pursuant to 28 U.S.C. § 1915(g) and that he fails to assert specific fact allegations that he is under imminent danger of serious physical injury.   Pursuant to § 1915(g) he is precluded from bringing the instant action *in forma pauperis*. Accordingly, at this time, Mr. Custard will be ordered to pay the $400.00 filing fee, or to file a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, on the court-approved form, including all of the attachments, and show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915.   Accordingly, it is

ORDERED that Mr. Custard cure the deficiencies designated above **within thirty days from the date of this Order**.   Mr. Custard shall either pay the $400.00 filing fee, or file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, on the court-approved form, including attachments.   It is

FURTHER ORDERED that if Mr. Custard files a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, he must also show cause in writing, **within thirty (30) days from the date of this Order** why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because:   (1) he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court of the

4

United States that was dismissed on the grounds that it was frivolous; and (2) he fails to assert with any specificity that he is under imminent danger of serious physical injury.   It is

FURTHER ORDERED that Mr. Custard shall obtain the court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   Plaintiff shall use the court-approved form in complying with this Order, unless he pays the $400.00 filing fee.

FURTHER ORDERED that if Mr. Custard fails to comply with this Order within the time allowed, this action will be dismissed without further notice.

DATED October 13, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge