IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02221-GPG

BOB ALLEN CUSTARD,

    Plaintiff,

v.

ARKO,
BALSICK,
BEICKER-GALLEGOS,
BRANT,
STEPHEN CEDENO,
DAVIS,
KATE ERWIN,
HESS,
BEHLE,
HILL,
BETHANY KASDON,
NATHAN KIMBLE,
KING, M.D.,
HUDDLESTON,
B. LIGHT,
MACGRATH,
MARTIN,
MCMULLEN,
MONTGOMERY,
OLGUIN,
JOHN OLIVER,
O'NEAL,
OSAGIE,
THOMAS OWENS,
M. PALIDER,
PORCO,
SANTINI,
THOMPSON,
OSLAND,
WYCHE,
ZONNO,
THE UNITED STATES OF AMERICA, and
27 UNKNOWN DEFENDANTS,

    Defendants.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff, Bob Allen Custard, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado. Mr. Custard, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages and declaratory and injunctive relief. Plaintiff has also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (ECF No. 2).

In an October 13, 2015 Order, Magistrate Judge Gordon P. Gallagher directed Mr. Custard, within 30 days, to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because he is subject to filing restrictions under § 1915(g), or, in the alternative to pay the $400.00 filing fee. Mr. Custard has not yet complied with the October 13 Order, although time remains for him to do so.

Before the Court is Mr. Custard's Motion for Preliminary Injunctive Relief (ECF No. 5), filed on October 28, 2015.

The Court must construe Mr. Custard's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

A temporary restraining order or preliminary injunction is an "extraordinary remedy", and, therefore, "the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *SCFC ILC, Inc. v. Visa USA,*

*Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)).   To obtain a preliminary injunction, the party seeking the injunction must demonstrate four factors:

> (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest.

*Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).   A mandatory preliminary injunction—one which requires the nonmoving party to take affirmative action—is generally disfavored. *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009).   Before a court may grant such relief, the movant must "make a heightened showing of the [ ] four factors." *Id.*

In his motion, Mr. Custard asks the Court to order an unidentified individual at the ADX to provide him with a typewriter or a printer dedicated keyboard because he suffers from "severe" physical handicaps in both hands and the Court has noted in previous orders that his handwriting is mostly illegible.   (ECF No. 5 at 1).   Mr. Custard contends that he will be denied his constitutional right of access to the courts if prison officials are not ordered to give him a typewriter or keyboard under the circumstances.   (*Id.*).

The Court notes initially that Mr. Custard's request for preliminary injunctive relief is premature, given that he has neither paid the $400.00 filing fee, nor been granted leave to proceed *in forma pauperis* in this action.   Notwithstanding, the Court will review the motion on the merits.

A movant for preliminary injunctive relief must establish "'a relationship between the injury claimed in the party's motion and the conduct asserted in the Complaint.'" *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (a movant for preliminary injunctive

3

relief must establish "'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'") (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994)). However, Mr. Custard has not asserted a claim for deprivation of his constitutional right of access to the courts in the Complaint. Furthermore, Plaintiff does not seek the requested preliminary injunctive relief against any named Defendant.

In addition, Plaintiff cannot show irreparable harm because the claimed injury is not certain. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'") (internal quotation marks and citation omitted); *see also* Fed.R.Civ.P. 65(b). A prisoner's constitutional right of access to the courts is not infringed unless he suffers an actual injury to his ability to pursue a non frivolous claim for relief. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). To date, none of Mr. Custard's federal court cases have been dismissed on the ground that the Court was unable to read his handwriting.

The Court therefore finds that Mr. Custard's allegations are insufficient to support the issuance of a preliminary injunction. Accordingly, it is

ORDERED that the Motion for Preliminary Injunctive Relief (ECF No. 5), filed on October 28, 2015, is DENIED.

DATED October 30, 2015, at Denver, Colorado.

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO, District Judge for
LEWIS T. BABCOCK, Senior Judge
United States District Court