IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02221-GPG

BOB ALLEN CUSTARD,

    Plaintiff,

v.

ARKO,
BALSICK,
BEICKER-GALLEGOS,
BRANT,
STEPHEN CEDENO,
DAVIS,
KATE ERWIN,
HESS,
BEHLE,
HILL,
BETHANY KASDON,
NATHAN KIMBLE,
KING, M.D.,
HUDDLESTON,
B. LIGHT,
MACGRATH,
MARTIN,
MCMULLEN,
MONTGOMERY,
OLGUIN,
JOHN OLIVER,
O'NEAL,
OSAGIE,
THOMAS OWENS,
M. PALIDER,
PORCO,
SANTINI,
THOMPSON,
OSLAND,
WYCHE,
ZONNO,
THE UNITED STATES OF AMERICA, and
27 UNKNOWN DEFENDANTS,

    Defendants.

ORDER OF DISMISSAL

Plaintiff, Bob Allen Custard, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary Administrative Maximum (ADX) in Florence, Colorado.  Mr. Custard, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights have been violated. He seeks money damages and declaratory and injunctive relief.   Plaintiff has also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (ECF No. 2).

In an October 13, 2015 Order (ECF No. 4), Magistrate Judge Gordon P. Gallagher determined that Mr. Custard's initial filings were deficient because he filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 without the supporting attachments, and had not paid the $400.00 filing fee.   Mr. Custard represented in the Prisoner Complaint that he intends to pay the filing fee as soon as he receives a case number for the current action.   (ECF No. 1, at 4).

Magistrate Judge Gallagher reminded Mr. Custard in the October 13 Order that if he intended to seek leave to proceed pursuant to 28 U.S.C. § 1915, that statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Mr. Custard, on three or more prior occasions, has brought an action in this Court that was dismissed on the grounds that it was frivolous, malicious, or that it failed to state a claim. See *Custard v. Lappin, et al.*, 07-cv-00844-ZLW (D. Colo. July 26, 2007) (dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, 260 F. App'x. 73 (10th Cir. Jan. 3, 2008) (recognizing that Mr. Custard is subject to § 1915(g) three strike filing restriction); *Custard v. Gariety*, No. 04-cv-03078-RED-P (S.D. Mo. July 22, 2004) (dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2)), *aff'd*, No. 05-1067 (8th Cir. Aug. 3, 2005); *Custard v. Agtuca, et al.*, No. 00-cv-00927-JPG (S.D. Ill. Mar. 6, 2002) (dismissed for failure to exhaust counted as a strike), *appeal dismissed*, No. 02-1748 (8th Cir. July, 12, 2002).

In the October 13 Order, Magistrate Judge Gallagher ascertained from the Complaint that Mr. Custard is asserting five claims in this action. Plaintiff claims that his constitutional rights were violated when: (1) he was denied medical treatment for Hepatitis C; (2) he was denied medical treatment for his circadian rhythm sleep disorder; (3) he was subjected to excessive force by two of the Defendants, which resulted in serious injuries; (4) some of the Defendants have intentionally labeled him a "snitch" to other inmates, thereby exposing Plaintiff to a substantial risk of harm; and, (5) Defendants placed him in an unsafe cell in the SHU.  (ECF No. 4 at 3-4).  Magistrate Judge Gallagher further observed that Mr. Custard's allegations were, for the most part, conclusory.  (*Id.* at 4).

Mr. Custard was reminded in the October 13 Order that to proceed *in forma pauperis*, he is required to provide, under § 1915(g), "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent

serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).   Vague or conclusory allegations of harm are insufficient.   *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Magistrate Judge Gallagher concluded in the October 13 Order that because Mr. Custard was subject to filing restrictions under 28 U.S.C. § 1915(g), he is precluded from bringing this action *in forma pauperis*, based on his current filings, because he has not asserted any specific fact allegations to demonstrate that he is under imminent danger of serious physical injury.   (ECF No. 4 at 4). Consequently, Magistrate Judge Gallagher ordered Mr. Custard, within 30 days of the October 13 Order, to either pay the $400.00 filing fee, or to file a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, on the court-approved form, including all of the attachments, and to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915 because he is subject to filing restrictions under § 1915(g). (*Id.* at 4-5).   Magistrate Judge Gallagher warned Mr. Custard that failure to comply with the October 13 Order within the time allowed would result in dismissal of this action without further notice.   (*Id.* at 5).

On November 12, 2015, Mr. Custard filed an Amended Complaint (ECF No. 9), and a motion for extension of time to comply with the October 13 Order (ECF No. 10). In a November 16, 2015 Minute Order, Magistrate Judge Gallagher granted Plaintiff until December 16, 2015 to comply with the November 12 Order.   (ECF No. 11).

Mr. Custard has now failed to pay the $400.00 filing fee, or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (including the attachments and a certified copy of his inmate account statement).   Furthermore, he has not filed a written response to the October 13 Order to Show Cause.    Accordingly, it is

4

ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Bob Allen Custard, to comply with the October 13, 2015 Order Directing Plaintiff to Pay Filing Fee or to Show Cause and the November 16, 2015 Minute Order.   It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) and the Motion . . . to Correct Order (ECF No. 7) are DENIED as moot.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Mr. Custard files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED December 28, 20155, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court