IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02221-LTB

BOB ALLEN CUSTARD,

    Plaintiff,

v.

ARKO,
BALSICK,
BEICKER-GALLEGOS,
BRANT,
STEPHEN CEDENO,
DAVIS,
KATE ERWIN,
HESS,
BEHLE,
HILL,
BETHANY KASDON,
NATHAN KIMBLE,
KING, M.D.,
HUDDLESTON,
B. LIGHT,
MACGRATH,
MARTIN,
MCMULLEN,
MONTGOMERY,
OLGUIN,
JOHN OLIVER,
O'NEAL,
OSAGIE,
THOMAS OWENS,
M. PALIDER,
PORCO,
SANTINI,
THOMPSON,
OSLAND,
WYCHE,
ZONNO,
THE UNITED STATES OF AMERICA, and
27 UNKNOWN DEFENDANTS,

    Defendants.

ORDER GRANTING MOTION FOR RECONSIDERATION
AND REINSTATING CASE

This matter is before the Court on the "Motion for Relief from a Judgment or Order" (ECF No. 16), filed, *pro se*, by Plaintiff on January 7, 2016. The Court must construe the document liberally because Mr. Custard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Plaintiff's motion to reconsider was filed 10 days after a final Judgment was entered dismissing this action on December 28, 2015. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present

newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

This action was dismissed without prejudice because Mr. Custard failed to comply with court orders directing him to: (1) pay the $400.00 filing fee; or, (2) file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (including the attachments and a certified copy of his inmate account statement) and show cause why he should not be denied leave to proceed *in forma* pauperis because he is subject to filing restrictions under § 1915(g). (*See* ECF No. 12).

Plaintiff argues in the motion reconsideration that a check for $400.00 was sent to the court clerk on November 2, 2015 to pay the filing fee in this action, and the check was cashed on November 12, 2015. (ECF No. 16). The docket in this case does not reflect that the filing fee was paid at any time before the action was dismissed. However, upon receiving Mr. Custard's motion for reconsideration, the Court made further inquiries with the finance department and learned that a check written by a Walter Lamar, in the amount of $400.00, was received by the Court on November 11, 2015. Although the check was designated to pay the filing fee in this action, there was an inadvertent docketing error, and, consequently, the docket failed to reflect that the filing fee was paid prior to entry of the dismissal order.

Because Mr. Custard did ensure that the filing fee was paid in November 2015, the Court finds that the interests of justice warrant the reinstatement of this action. Accordingly, it is

ORDERED that the "Motion for Relief from a Judgment or Order" (ECF No. 16), filed, *pro se*, by Plaintiff on January 7, 2016, which the Court has construed liberally as a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e), is GRANTED.   It is

FURTHER ORDERED that the December 28, 2015 Order of Dismissal and Judgment (ECF Nos. 12, 13) are VACATED.   It is

FURTHER ORDERED that the Clerk of the Court reinstate and return this action to the Pro Se Docket.   It is

FURTHER ORDERED that "Pltf's Motion for Court Order Affirming Ordering Pltf Has Paid $400.00 Filing Fee" (ECF No. 15) is GRANTED, as set forth in this Order.

DATED January 12, 2016, at Denver, Colorado.

                              BY THE COURT:

                              s/Lewis T. Babcock
                              LEWIS T. BABCOCK, Senior Judge
                              United States District Court