## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Action No. 15-cv-02221-REB-CBS

BOB ALLEN CUSTARD,

    Plaintiff,

v.

MR. BALSICK, et al.,

    Defendants.

## ORDER OVERRULING PLAINTIFF'S
## OBJECTION TO MAGISTRATE JUDGE'S RULING

**Blackburn, J.**

The matter before me is **Pltf's Objections to U.S. District Judge Via § 636 on Mag's Order (ECF 34)** [#37],[1] filed February 24, 2016, challenging the magistrate judge's **Order** [#34], filed February 16, 2016, denying **Plft's Motion for Court Order to Court Clerk To Serve John Does 1-10** [#31], filed February 10, 2016.  I overrule the objections.

Plaintiff's objections pertain to non-dispositive matters that were referred to the magistrate judge for resolution.  Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.  Moreover, because plaintiff is proceeding *pro se*, I have reviewed his filings more liberally than pleadings or papers filed by attorneys.

---

[1] "[#37]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having reviewed the motion and the magistrate judge's order, I find and conclude that the magistrate judge's order is not clearly erroneous or contrary to law.

Plaintiff appears to believe that it is the court's obligation to identify unnamed John Doe defendants. It is not. "Plaintiff may bring an action against unknown John Doe defendants, but *plaintiff* must substitute named defendants for those unknown defendants after the completion of discovery." *Simmons v. District of Columbia*, 750 F.Supp.2d 43, 45 (D.D.C. 2011) (emphasis added). *See also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of alleged defendants will not be known prior to the filing of a complaint . . . plaintiff should be given an opportunity through discovery to identify the unknown defendants."). This obligation is coextensive with plaintiff's burden under Fed. R. Civ. P. 4(m) to effectuate proper service. *See Cuin v. Adams County Board of County Commissioners*, 2011 WL 3236088 at *1 (D. Colo. July 28, 2011). While the court must and will assist a *pro se* incarcerated plaintiff in logistically effecting service, it is plaintiff's burden to properly identify defendants on whom service is to be made.

**THEREFORE, IT IS ORDERED** that the objections stated in **Pltf's Objections to U.S. District Judge Via § 636 on Mag's Order (ECF 34)** [#37], filed February 24, 2016, are overruled.

Dated February 25, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge